UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MELISSA AUGUST,

          Plaintiff,

v.

DORAL CAROLINA ALE HOUSE,
LLC d/b/a DORAL CAROLINA ALE
HOUSE, a Florida limited liability
company, and LMR LLC d/b/a DORAL
CAROLINA ALE HOUSE, a North
Carolina limited liability company,

          Defendants.
_____/

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

The Plaintiff, MELISSA AUGUST, files this Complaint for Damages against Defendants, DORAL CAROLINA ALE HOUSE, LLC d/b/a Doral Carolina Ale House (hereinafter "DORAL CAROLINA"), a Florida limited liability company, and LMR LLC d/b/a Doral Carolina Ale House, (hereinafter "LMR"), a North Carolina limited liability company, and states:

### INTRODUCTION

1. This is an action to recover monetary damages in the form of unpaid minimum wages, and to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA"), the Florida Minimum Wage Amendment, Fla. Const. Art. X, §24, and the Florida Minimum Wage Act, Fla. Stat. 448.110, (collectively, the "FMWA).

### JURISDICTION

1

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §201 *et seq.*, 29 U.S.C. 216(b), and 28 U.S.C. §§1331 and 1367.

3. While the Plaintiff was employed by DORAL CAROLINA at Doral Carolina Ale House, Defendant DORAL CAROLINA was an enterprise engaged in interstate commerce.

4. While the Plaintiff was employed by DORAL CAROLINA at Doral Carolina Ale House, Defendant DORAL CAROLINA regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. While the Plaintiff was employed by DORAL CAROLINA at Doral Carolina Ale House, Defendant DORAL CAROLINA employed at least two or more employees who were engaged in interstate commerce, or who were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any other person.

6. While the Plaintiff was employed by DORAL CAROLINA at Doral Carolina Ale House, Defendant DORAL CAROLINA's business consisted of a restaurant which serves food and beverages. The Plaintiff's work and the work of other employees involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially in Defendant DORAL CAROLINA's business, and that moved in interstate commerce. Specifically, the Plaintiff and other employees regularly and recurrently handled food, drinks and other goods or materials which were originally manufactured outside the State of Florida.

7. Upon information and belief, while the Plaintiff was employed by DORAL CAROLINA at Doral Carolina Ale House, Defendant DORAL CAROLINA had an annual gross volume of sales made or business done of not less than $500,000 annually.

8. While the Plaintiff was employed by LMR at Doral Carolina Ale House, Defendant LMR was an enterprise engaged in interstate commerce.

2

9. While the Plaintiff was employed by LMR at Doral Carolina Ale House, Defendant LMR regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

10. While the Plaintiff was employed by LMR at Doral Carolina Ale House, Defendant LMR employed at least two or more employees who were engaged in interstate commerce, or who were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any other person.

11. While the Plaintiff was employed by LMR at Doral Carolina Ale House, Defendant LMR's business consisted of a restaurant which serves food and beverages. The Plaintiff's work and the work of other employees involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially in Defendant LMR's business, and that moved in interstate commerce. Specifically, the Plaintiff and other employees regularly and recurrently handled food, drinks and other goods or materials which were originally manufactured outside the State of Florida.

12. Upon information and belief, while the Plaintiff was employed by LMR at Doral Carolina Ale House, Defendant LMR had an annual gross volume of sales made or business done of not less than $500,000 annually.

13. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

14. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

**VENUE**

15. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

    a.   The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida;

    b.   While the Plaintiff was employed by LMR at Doral Carolina Ale House, Defendant LMR was and continues to be a North Carolina corporation doing business in this judicial district.

    c.   While the Plaintiff was employed by DORAL CAROLINA at Doral Carolina Ale House, Defendant DORAL CAROLINA was and continues to be Florida corporation doing business within this judicial district.

    d.   Defendants employed Plaintiff in the Southern District of Florida.

## STATEMENT OF FACTS

16.   At all times material hereto, the Plaintiff was a resident living within the Southern District of Florida.

17.   Doral Carolina Ale House is a restaurant located at 8669 NW 36th Street, Doral, FL 33166 in Dade County, Florida.

18.   The Plaintiff, AUGUST, was employed at Doral Carolina Ale House as a bartender from about April 2016 until about March 13, 2020.

19.   The Plaintiff's job duties at Doral Carolina Ale House included interacting with customers and selling food and beverages.

20.   In 2016, 2017, and 2018, the Plaintiff received wages from DORAL CAROLINA for her work at Doral Carolina Ale House.

21.   While the Plaintiff was employed at Doral Carolina Ale House, DORAL CAROLINA operated the restaurant doing business as Doral Carolina Ale House located at 8669 NW 36th Street, Doral, FL 33166 in Dade County, Florida.

22. The Plaintiff was an "employee" of the Defendant DORAL CAROLINA within the meaning of the FLSA, and within the meaning of Fla. Const. Art. X, §24, which adopts the FLSA's definition of "employee."

23. While the Plaintiff was employed by DORAL CAROLINA, Defendant DORAL CAROLINA was an "employer" within the meaning of the FLSA and the Fla. Const. Art. X, §24 and Fla. Stat. §448.110, which adopt the FLSA's definition of "employer."

24. While the Plaintiff was employed by Defendant DORAL CAROLINA, Defendant DORAL CAROLINA paid the Plaintiff no wages for some of her work hours.

25. While the Plaintiff was employed by Defendant DORAL CAROLINA, Defendant DORAL CAROLINA required the Plaintiff to attend monthly cleaning sessions which lasted on average about three to four hours each, but DORAL CAROLINA did not pay her for her time spent cleaning the restaurant. During these cleaning session, the Plaintiff was required to do such task as, for example, scrape under the bar, clean the coolers, clean and paint chairs, and pressure wash the bar floor, among other tasks.

26. While the Plaintiff was employed by DORAL CAROLINA, Defendant DORAL CAROLINA's management was aware the Plaintiff attended these cleaning sessions at the restaurant without being paid wages for these cleaning sessions.

27. At times while employed by Defendant DORAL CAROLINA, the Plaintiff worked under another employee's number, and earned only tips, but no wages.

28. While the Plaintiff was employed by Defendant DORAL CAROLINA, Defendant DORAL CAROLINA's management was aware the Plaintiff was working under another employee's number and not clocked in under the Plaintiff's employee number.

29. Defendant DORAL CAROLINA required the Plaintiff to pay for her uniform shirts and name tags.

30. While the Plaintiff was employed by DORAL CAROLINA, when there was a bar drawer shortage or a customer walked out on a check at Doral Carolina Ale House, the Plaintiff and others on the shift made up the drawer shortage or paid for the customer walk out. The Plaintiff and other bartenders would pay for shortages and walk outs because they would be written up for the shortage or walk out if they did not pay for the shortage or walk out.

31. While the Plaintiff was employed by DORAL CAROLINA, members of DORAL CAROLINA management required the Plaintiff to share her tips with the dishwasher who was not eligible to share in the Plaintiff's tips.

32. While the Plaintiff was employed by DORAL CAROLINA, Defendant DORAL CAROLINA failed to properly disclose or apprise Plaintiff of her rights under the FLSA and/or the Florida Constitution, Art. X, §24.

33. In 2019, the Plaintiff received wages from LMR for her work at Doral Carolina Ale House.

34. While the Plaintiff was employed at Doral Carolina Ale House, LMR operated the restaurant doing business as Doral Carolina Ale House located at 8669 NW 36th Street, Doral, FL 33166 in Dade County, Florida.

35. LMR is a hospitality management group located in Raleigh, North Carolina.

36. The Plaintiff was an "employee" of the Defendant LMR within the meaning of the FLSA, and within the meaning of Fla. Const. Art. X, §24, which adopts the FLSA's definition of "employee."

37. While the Plaintiff was employed by LMR, the Defendant LMR was an "employer" within the meaning of the FLSA and the Fla. Const. Art. X, §24 and Fla. Stat. §448.110, which adopt the FLSA's definition of "employer."

38. The Defendant LMR paid the Plaintiff no wages for some of her work hours.

39. While the Plaintiff was employed by LMR, Defendant LMR required the Plaintiff to attend monthly cleaning sessions which lasted three to four hours each, but LMR did not pay her for her time spent cleaning the restaurant. During these cleaning session, the Plaintiff was required to do such task as, for example, scrape under the bar, clean the coolers, clean and paint chairs, and pressure wash the bar floor, among other tasks.

40. While the Plaintiff was employed by LMR, Defendant LMR's management was aware the Plaintiff attended these cleaning sessions at the restaurant without being paid wages for these cleaning sessions.

41. At times while employed by Defendant LMR, the Plaintiff worked under another employee's number, and earned only tips, but no wages.

42. While the Plaintiff was employed by LMR, Defendant LMR's management was aware the Plaintiff was working under another employee's number and not clocked in under the Plaintiff's employee number.

43. Defendant LMR required the Plaintiff to pay for her uniform shirts and name tags.

44. While the Plaintiff was employed by LMR, when there was a bar drawer shortage or a customer walked out on a check at Doral Carolina Ale House, the Plaintiff and others on the shift made up the drawer shortage or paid for the customer walk out. The Plaintiff and other bartenders would pay for shortages and walk outs because they would be written up for the shortage or walk out if they did not pay for the shortage or walk out.

45. While the Plaintiff was employed by LMR, members of LMR management required the Plaintiff to share her tips with the dishwasher, who was ineligible to share in the Plaintiff's tips.

46. While the Plaintiff was employed by LMR, Defendant LMR failed to properly disclose or apprise Plaintiff of her rights under the FLSA and/or the Florida Constitution, Art. X, §24.

47. On or about August 5, 2020, the Plaintiff mailed a letter to Defendants pursuant to Fla. Stat. §448.110(6) notifying Defendants of his Florida minimum wage claims.

48. The Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or are inapplicable.

49. The Plaintiff has retained Bober & Bober, P.A. to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

## STATEMENT OF CLAIMS

### COUNT I

### VIOLATION OF FLSA, 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

*AS TO DEFENDANT DORAL CAROLINA*

50. The Plaintiff re-alleges paragraphs 1 to 7, 13 to 32, and 47 to 49 of this Complaint as if fully set forth herein.

51. The Plaintiff's employment with Defendant DORAL CAROLINA was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

52. The FLSA, 29 U.S.C. §206 requires that any non-exempt employee covered by the FLSA be paid a minimum wage.

53. During the Plaintiff's employment with Defendant DORAL CAROLINA, the Plaintiff was an hourly paid, "tipped" employee.

54. During the Plaintiff's employment with Defendant DORAL CAROLINA, she received tips from customers.

55. During the Plaintiff's employment with Defendant DORAL CAROLINA, Defendant DORAL CAROLINA failed to pay the Plaintiff a direct wage for all hours worked, causing his wage to fall below the applicable federal minimum wage for some hours.

56. During the Plaintiff's employment with Defendant DORAL CAROLINA, the Plaintiff paid for drawer shortages and walk outs, causing her wages to fall below the minimum wage.

57. During the Plaintiff's employment with Defendant DORAL CAROLINA, the Plaintiff paid for uniforms, causing her wages to fall below the minimum wage.

58. The Plaintiff was not allowed to retain all her tips while employed by Defendant DORAL CAROLINA because she was required to share her tips with the dishwasher, who was ineligible to share in tips.

59. The Defendant DORAL CAROLINA was required to compensate Plaintiff with at least the full FLSA minimum wage for all unpaid hours worked, but failed to do so.

60. As a result of Defendant DORAL CAROLINA's disregard of the FLSA, the Plaintiff is entitled to liquidated damages pursuant to the FLSA.

61. Defendant DORAL CAROLINA knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests judgment in her favor against Defendant DORAL CAROLINA:

    a. finding that Defendant DORAL CAROLINA violated the FLSA's minimum wage requirements;

    b. finding that the Defendant DORAL CAROLINA acted willfully in violating the FLSA's minimum wage requirements;

    c. awarding all unpaid minimum wages due or payable to Plaintiff;

    d. awarding an equal amount in liquidated damages;

    e. awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  f. awarding post-judgment interest; and

  g. awarding all other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF FLSA, 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

*AS TO DEFENDANT LMR*

62. The Plaintiff re-alleges paragraphs 1 to 2, 8 to 19, 33 to 49 of this Complaint as if fully set forth herein.

63. The Plaintiff's employment with Defendant LMR was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

64. The FLSA, 29 U.S.C. §206 requires that any non-exempt employee covered by the FLSA be paid a minimum wage.

65. During the Plaintiff's employment with Defendant LMR, the Plaintiff was an hourly paid, "tipped" employee.

66. During the Plaintiff's employment with Defendant LMR, she received tips from customers.

67. During the Plaintiff's employment with Defendant LMR, Defendant LMR failed to pay the Plaintiff a direct wage for all hours worked, causing his wage to fall below the applicable federal minimum wage for some hours.

68. During the Plaintiff's employment with Defendant LMR, the Plaintiff paid for drawer shortages and walk outs, causing her wages to fall below the minimum wage.

69. During the Plaintiff's employment with Defendant LMR, the Plaintiff paid for uniforms, causing her wages to fall below the minimum wage.

70. The Plaintiff was not allowed to retain all her tips while employed by Defendant LMR because she was required to share her tips with the dishwasher, who was ineligible to share in tips.

71. The Defendant LMR was required to compensate Plaintiff with at least the full FLSA minimum wage for all unpaid hours worked, but failed to do so.

72. As a result of Defendant LMR's disregard of the FLSA, the Plaintiff is entitled to liquidated damages pursuant to the FLSA.

73. Defendant LMR knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests judgment in her favor against Defendant LMR:

    a. finding that Defendant LMR violated the FLSA's minimum wage requirements;

    b. finding that the Defendant LMR acted willfully in violating the FLSA's minimum wage requirements;

    c. awarding all unpaid minimum wages due or payable to Plaintiff;

    d. awarding an equal amount in liquidated damages;

    e. awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    f. awarding post-judgment interest; and

    g. awarding all other and further relief this Court deems to be just and proper.

### COUNT III
**MINIMUM WAGE CLAIM PURSUANT TO
FLA. CONST. ART. X, §24 & FLA. STAT. §448.110**

*AS TO DEFENDANT DORAL CAROLINA*

74. The Plaintiff re-alleges paragraphs 1 to 7, 13 to 32, and 47 to 49 of this Complaint as if fully set forth herein.

75. The Plaintiff's employment with Defendant DORAL CAROLINA was to consist of a normal workweek for which he was to be compensated at or above the Florida minimum wage.

76. The Fla. Const. Art. X, §24 and Fla. Stat. §448.110, ("FMWA"), require that any non-exempt employee covered by the FMWA be paid a minimum wage.

77. During the Plaintiff's employment with Defendant DORAL CAROLINA, the Plaintiff was an hourly paid, "tipped" employee.

78. During the Plaintiff's employment with Defendant DORAL CAROLINA, she received tips from customers.

79. During the Plaintiff's employment with Defendant DORAL CAROLINA, Defendant DORAL CAROLINA failed to pay the Plaintiff a direct wage for all hours worked, causing her wage to fall below the applicable federal minimum wage for some hours.

80. During the Plaintiff's employment with Defendant DORAL CAROLINA, the Plaintiff paid for drawer shortages and walk outs, causing her wages to fall below the Florida minimum wage.

81. During the Plaintiff's employment with Defendant DORAL CAROLINA, the Plaintiff paid for uniforms, causing her wages to fall below the Florida minimum wage.

82. The Plaintiff was not allowed to retain all her tips while employed by Defendant DORAL CAROLINA because she was required to share her tips with the dishwasher, who was ineligible to share in tips.

83. The Defendant LMR was required to compensate Plaintiff with at least the full DORAL CAROLINA minimum wage for all unpaid hours worked, but failed to do so.

84. As a result of Defendant DORAL CAROLINA's disregard of the FMWA, the Plaintiff is entitled to liquidated damages pursuant to the FMWA.

WHEREFORE, the Plaintiff respectfully requests enter judgment in her favor and against DORAL CAROLINA:

a. finding that DORAL CAROLINA violated the FMWA's minimum wage requirements;

b. awarding all unpaid minimum wages due or payable to the Plaintiff;

c. awarding an equal amount in liquidated damages;

d. awarding reasonable attorney's fees and costs and expenses of this litigation pursuant to the FMWA;

e. awarding post-judgment interest; and

f. awarding all other and further relief this Court deems to be just and proper.

## COUNT IV
### MINIMUM WAGE CLAIM PURSUANT TO
### FLA. CONST. ART. X, §24 & FLA. STAT. §448.110

*AS TO DEFENDANT LMR*

85. The Plaintiff re-alleges paragraphs 1 to 2, 8 to 19, 33 to 49 of this Complaint as if fully set forth herein.

86. The Plaintiff's employment with Defendant LMR was to consist of a normal workweek for which she was to be compensated at or above the Florida minimum wage.

87. The Fla. Const. Art. X, §24 and Fla. Stat. §448.110, ("FMWA"), require that any non-exempt employee covered by the FMWA be paid a minimum wage.

88. During the Plaintiff's employment with Defendant LMR, the Plaintiff was an hourly paid, "tipped" employee.

89. During the Plaintiff's employment with Defendant LMR, she received tips from customers.

13

90. During the Plaintiff's employment with Defendant LMR, Defendant LMR failed to pay the Plaintiff a direct wage for all hours worked, causing her wage to fall below the applicable federal minimum wage for some hours.

91. During the Plaintiff's employment with Defendant LMR, the Plaintiff paid for drawer shortages and walk outs, causing her wages to fall below the Florida minimum wage.

92. During the Plaintiff's employment with Defendant LMR, the Plaintiff paid for uniforms, causing her wages to fall below the Florida minimum wage.

93. The Plaintiff was not allowed to retain all her tips while employed by Defendant LMR because she was required to share her tips with the dishwasher, who was ineligible to share in tips.

94. The Defendant LMR was required to compensate Plaintiff with at least the full FMWA minimum wage for all unpaid hours worked, but failed to do so.

95. As a result of Defendant LMR's disregard of the FMWA, the Plaintiff is entitled to liquidated damages pursuant to the FMWA.

WHEREFORE, the Plaintiff respectfully requests enter judgment in her favor and against LMR:

   a. finding that Defendant LMR violated the FMWA's minimum wage requirements;
   b. awarding all unpaid minimum wages due or payable to the Plaintiff;
   c. awarding an equal amount in liquidated damages;
   d. awarding reasonable attorney's fees and costs and expenses of this litigation pursuant to the FMWA;
   e. awarding post-judgment interest; and
   f. awarding all other and further relief this Court deems to be just and proper.

**COUNT V**

## VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)

### *AS TO DEFENDANT DORAL CAROLINA*

96. The Plaintiff re-alleges paragraphs 1 to 7, 13 to 32, and 47 to 49 of this Complaint as if fully set forth herein.

97. The Plaintiff's employment with the Defendant DORAL CAROLINA was to consist of a normal work week for which she should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

98. During the Plaintiff's employment, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the applicable hourly rate for her overtime hours.

99. The Plaintiff typically was scheduled to work thirty-five (35) to forty hours (40) per work on-the-clock, but she worked additional hours off-the-clock during cleaning sessions or when she worked under another employee's number, thereby resulting in her working overtime hours.

100. Due to the unlawful acts of the Defendant DORAL CAROLINA, the Plaintiff has suffered damages for unpaid overtime wages.

101. The Plaintiff is entitled to an equal amount as liquidated damages.

102. Defendant DORAL CAROLINA knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of overtime wages to the Plaintiff.

103. The Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendant DORAL CAROLINA for unpaid overtime:

    a. finding the Defendant DORAL CAROLINA violated the FLSA's overtime provisions of 29 U.S.C. §207;

    b.    finding Defendant DORAL CAROLINA acted willfully in violating the FLSA's overtime provisions;

    c.    awarding the Plaintiff overtime compensation in the amount calculated;

    d.    awarding the Plaintiff liquidated damages in the amount calculated;

    e.    awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    f.    Awarding the Plaintiff post-judgment interest; and

    g.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT VI

### VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)

*AS TO DEFENDANT LMR*

104.    The Plaintiff re-alleges paragraphs 1 to 2, 8 to 19, 33 to 49 of this Complaint as if fully set forth herein.

105.    The Plaintiff's employment with the Defendant LMR was to consist of a normal work week for which she should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

106.    During the Plaintiff's employment, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the applicable hourly rate for her overtime hours.

107.    The Plaintiff typically was scheduled to work thirty-five (35) to forty hours (40) per work on-the-clock, but she worked additional hours off-the-clock during cleaning sessions or when she worked under another employee's number, thereby resulting in her working overtime hours.

108. Due to the unlawful acts of the Defendant LMR, the Plaintiff has suffered damages for unpaid overtime wages.

109. The Plaintiff is entitled to an equal amount as liquidated damages.

110. Defendant LMR knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of overtime wages to the Plaintiff.

111. The Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendant LMR for unpaid overtime:

    h. finding the Defendant LMR violated the FLSA's overtime provisions of 29 U.S.C. §207;

    i. finding Defendant LMR acted willfully in violating the FLSA's overtime provisions;

    j. awarding the Plaintiff overtime compensation in the amount calculated;

    k. awarding the Plaintiff liquidated damages in the amount calculated;

    l. awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    m. Awarding the Plaintiff post-judgment interest; and

    n. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury. Dated: November 16, 2020.

Respectfully submitted,

By: <u>Samara Robbins Bober</u>
SAMARA ROBBINS BOBER
FBN:  0156248
samara@boberlaw.com
PETER BOBER
FBN:  0122955
peter@boberlaw.com
BOBER & BOBER, P.A.
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
*Attorneys for Plaintiff*